UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

WALLACE JAMES BEAULIEU,

    Petitioner,

v.

STATE OF MINNESOTA,

    Respondent.

Civil No. 10-3940 (DWF/JSM)

**REPORT AND RECOMMENDATION**

---

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1.) The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that this action be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

**I.    BACKGROUND**

In 2003, petitioner was convicted for failing to register as a predatory sex offender, as required by Minnesota law. He was initially sentenced to 60 months in prison, but his original sentence was vacated on direct appeal, (State v. Beaulieu, No. A03-669 (Minn.App. 2004), 2004 WL 1488443 (unpublished opinion)), and he was later resentenced to 24 months in prison. Petitioner has expressly stated in his current petition that "[t]he sentence

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

for this conviction has already expired." (Petition, [Docket No. 1], p. 6, ¶ 13.)

On September 15, 2010, petitioner filed his current federal habeas corpus petition, which challenges the validity of his 2003 conviction for failing to register as a predatory offender. When petitioner commenced this action, he was confined as a civilly-committed sex offender at the Minnesota Sex Offender Program. As noted above, however, his sentence for his 2003 criminal conviction has already been fully served, and is "expired." Because petitioner was not "in custody" for his 2003 conviction when he filed his current petition, this action must be summarily dismissed for lack of jurisdiction.

## II. DISCUSSION

28 U.S.C. § 2254(a) requires that a "habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (per curiam). The "in custody" requirement is a jurisdictional requirement. Id. at 490. If a habeas petitioner is not "in custody" for the conviction and sentence he is challenging as of the date his petition is filed, then the petition must be summarily dismissed for lack of jurisdiction. Charlton v. Morris, 53 F.3d 929, 929 (8th Cir.) (per curiam) ("District Court was without jurisdiction to address the merits of... section 2254 petition because [the petitioner]... was no longer 'in custody' for his state conviction"), cert. denied, 516 U.S. 926 (1995). See also United States ex rel. Dessus v. Commonwealth of Pennsylvania, 452 F.2d 557, 559-60 (3rd Cir. 1971) ("the sine qua non of federal habeas corpus jurisdiction is that petitioner be 'in custody'"), cert. denied, 409 U.S. 853 (1972).

If the statutory "in custody" requirement is satisfied, and jurisdiction therefore exists when a habeas case is filed, the court's jurisdiction is not extinguished by the petitioner's later release from custody. Carafas v. LaVallee, 391 U.S. 234 (1968). Furthermore, if a

habeas petitioner is challenging the validity of his conviction, (and not just the length of his sentence), his petition does not become moot if he is released from custody while his petition is still pending, because there are "collateral consequences" of the conviction that will continue to affect the petitioner even after his release from custody. Id. at 237-38. A habeas petitioner's release from custody while his habeas case is pending does not preclude a federal court from considering the constitutionality of the petitioner's conviction, because "the 'collateral consequences' of the petitioner's conviction – his inability to vote, engage in certain businesses, hold public office, or serve as a juror – prevent[ ] the case from being moot." Maleng, 488 U.S. at 491-92. It is important to recognize, however, that the collateral consequences of a conviction can prevent a habeas case from becoming moot if the habeas petitioner is released from custody while his petition is still pending, but collateral consequences alone will not satisfy the jurisdictional "in custody" requirement. Maleng, 490 U.S. at 492 ("the collateral consequences of [a] conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it").

In sum, the collateral consequences of a conviction, (i.e., consequences that survive a habeas petitioner's release from custody), can prevent a habeas case from becoming moot if a petitioner is released from custody while his petition is pending. Carafas, supra. However, to satisfy the jurisdictional "in custody" requirement, the petitioner must be "in custody" for the conviction he is challenging when he files his petition. Maleng, supra. If the petitioner is not "in custody" when he files his petition, any still-remaining collateral consequences of his conviction alone will <u>not</u> satisfy the jurisdictional "in custody" requirement. See Williamson v. Gregoire, 151 F.3d 1180, 1183 (9th Cir. 1998) ("even as the Supreme Court has expanded the reach of the 'in custody' requirement, it has

3

consistently recognized a clear limitation: '[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it'") (quoting Maleng, 490 U.S. at 492), cert. denied, 525 U.S. 1081 (1999).

In this case, petitioner has candidly acknowledged that his 24-month sentence for the conviction he is now attempting to challenge had "expired" before he filed his current petition. Thus, when petitioner commenced this action, he was not "in custody" for the conviction and sentence that he is presently attempting to challenge.[2] Because the § 2254(a) "in custody" requirement is not satisfied, the present petition must be summarily dismissed for lack of jurisdiction.[3] Given the Court's recommendation that this action be dismissed for lack of jurisdiction, it is further recommended that petitioner's IFP application be denied.

---

[2] Petitioner's current confinement as a civilly committed sex offender cannot satisfy the "in custody" requirement for his current petition, because he is not presently confined pursuant to the conviction that he is attempting to challenge here.

[3] Even if petitioner could satisfy the jurisdictional "in custody" requirement, this case still would have to be summarily dismissed, because it is clearly time-barred. 28 U.S.C. § 2244(d)(1) establishes a one-year statute of limitations for federal habeas petitions, which requires state prisoners to seek federal habeas within one-year after the judgment at issue becomes final on direct appeal in the state courts. In this case, petitioner's conviction and sentence became final many years ago. The federal statute of limitations is tolled while a prisoner is actively pursuing post-conviction relief in the state courts, (28 U.S.C. § 2244(d)(2), but even with the benefit of such tolling the current petition would undoubtedly be time-barred – if the jurisdictional "in custody" bar could somehow be cleared.

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus [Docket No. 1] be DENIED;

2. Petitioner's Application to Proceed In Forma Pauperis [Docket No. 2] be DENIED; and

3. This action be summarily dismissed for lack of jurisdiction.


Dated: September 27, 2010

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge


Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **October 12, 2010**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.